**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2729

UNITED STATES OF AMERICA

v.

LAMONT RIDLEY
also known as
MONTY
also known as
MONT
also known as
MACK

Lamont Ridley,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 08-cr-00190-001)
District Judge:  Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
July 2, 2010

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Opinion Filed: July 6, 2010)

OPINION

BARRY, Circuit Judge.

Lamont Ridley appeals from the District Court's judgment of sentence, and his counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Ridley has filed a *pro se* informal brief. We will affirm.

## I.

Because the parties are familiar with the facts, we will set forth only those necessary to our analysis. Ridley was a large-scale cocaine distributor in Atlantic City, New Jersey. On December 19, 2008, he pled guilty to a superseding information charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, contrary to 21 U.S.C. § 841(a)(1), (b)(1)(B) and in violation of 21 U.S.C. § 846.[1] The parties had entered into a plea agreement and stipulated that, between July 2006 and March 2007, Ridley obtained and sold, or possessed with the intent to sell, at least 500 grams of cocaine. Because of Ridley's classification as a career offender, the applicable Guidelines range was 188 to 235 months imprisonment.[2] At sentencing on

---

[1] A grand jury had previously returned an indictment charging Ridley with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and a superseding indictment charging him with conspiracy as well as seven counts of distribution of cocaine, one count of possession with intent to distribute cocaine, one count of maintaining a place for the purpose of manufacturing a controlled substance, and thirteen counts of using a communication facility (telephone) to further a drug conspiracy.

[2] Ridley qualified as a career offender, U.S.S.G. § 4B1.1, because of three previous state court convictions for drug offenses. The base offense level for this quantity of cocaine is 26, U.S.S.G. § 2D1.1(c)(7), which was increased to 34 by virtue of the career offender provision. Ridley received a three-level downward adjustment for acceptance of responsibility and timely pleading guilty, § 3E1.1(a), (b), for a total offense level of 31.

June 3, 2009, Ridley requested a downward departure pursuant to U.S.S.G. § 4A1.3(b) for over-representation of criminal history, which the District Court denied. He also argued for a downward variance based on his positive contributions to the community. The Court ultimately imposed a sentence of 180 months imprisonment, an eight-month downward variance from the bottom of the Guidelines range, as well as five years of supervised release and a $100 special assessment. Ridley appealed, and counsel now seeks to withdraw, stating that there are no non-frivolous issues for us to review on appeal.

## II.[3]

"Under *Anders*, appellant's counsel must satisfy the court that he or she has thoroughly scoured the record in search of appealable issues and then explain why the issues are frivolous. The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled Third Circuit Local Appellate Rule 109.2's requirements [that counsel file a motion to withdraw and supporting *Anders* brief]; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (internal quotation marks, citations, and alterations omitted); *see also United States v. Youla*, 241 F.3d 296, 299-300 (3d Cir. 2001). Here, counsel has filed a thorough brief that satisfies the

As a career offender, his criminal history category increased from V to VI.

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

requirements of *Anders*. And, after our own review of the record, we agree that there are no non-frivolous issues on appeal.

First, the District Court was satisfied that Ridley entered his guilty plea knowingly and voluntarily, and Ridley does not contend otherwise. During the plea colloquy, the prosecutor recited the pertinent terms of the plea agreement, including the factual stipulations between the parties, and Ridley was advised of the applicable penalties. The Court ensured that Ridley understood the proceedings, confirmed that he wished to waive indictment by the grand jury, described federal sentencing procedure, noted the elements of the offense, established the factual basis for the plea, and described the rights that he was giving up by pleading guilty. In sum, the District Court's colloquy adequately established that Ridley's guilty plea was validly entered.[4]

Second, we concur with counsel that the District Court did not err in conducting the sentencing hearing and imposing sentence. We review sentences for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, we ensure "that the district court committed no

---

[4] Although the District Court did not explicitly advise Ridley of the right to plead not guilty, Fed. R. Crim. P. 11(b)(1)(B), or the right to be represented by counsel at every stage of the proceeding, Fed. R. Crim. P. 11(b)(1)(D), those errors were not plain. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (noting that plain error review applies to an allegation of Rule 11 error not preserved by objection at the plea hearing). To establish plain error in this context, Ridley "must show a reasonable probability that, but for the error, he would not have entered the plea." *Id*. at 83. We are confident that he would be unable to meet this burden, as there is no indication that any misapprehension regarding these rights influenced Ridley's decision to plead guilty.

significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). With respect to substantive reasonableness, we will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

The sentencing proceeding met the requirements we have outlined. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006); *see also* Fed. R. Crim. P. 32. The Guidelines calculation as set forth in the pre-sentence investigation report was undisputed, and the District Court offered an opportunity to object to the report at sentencing. The Court denied Ridley's motion for a downward departure pursuant to § 4A1.3(b), a discretionary decision that we do not have jurisdiction to review. *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009). It then permitted counsel, Ridley, and his friends and family to address it before imposing sentence. Finally, the Court considered the sentencing factors set forth at 18 U.S.C. § 3553(a). It adequately explained its chosen sentence, noting the seriousness of the offense and Ridley's criminal history, but also acknowledged his favorable personal characteristics and the support he received from his family and friends. With respect to substantive reasonableness, it is

clear that the below-Guidelines sentence imposed is "within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008); *see also* App. at 156 (District Court noting the "tremendous break" Ridley received from the opportunity to plead guilty to the superseding information and the dismissal of the superseding indictment).

Finally, Ridley has filed a *pro se* informal brief raising one additional issue. He contends that his counsel also represented Ralph Davis, who was separately charged with drug conspiracy, and that this presents a conflict of interest because Davis "made a statement against [him]." We have held, however, that "an actual conflict of interest claim, like other types of ineffective assistance of counsel claims, is generally not cognizable in the first instance on direct appeal." *United States v. Morena*, 547 F.3d 191, 198 (3d Cir. 2008) (noting also that "[s]uch claims are better reserved for 28 U.S.C. § 2255 actions" which allow for factual development of the claim). Accordingly, we decline to consider this claim in the first instance.

## III.

For the foregoing reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw. We note that the issues presented in this appeal lack legal merit and do not require the filing of a petition for certiorari with the United States Supreme Court. 3d Cir. L.A.R. 109.2(b).